**Victoria LOWE, Plaintiff–Appellant,**

**William R. Hobson, Hobson & Ringler, Intervenor–Appellee,**

v.

**ARIZONA STATE UNIVERSITY BOARD OF REGENTS, a.k.a. ASU Board of Regents; et al., Defendants–Appellees.**

No. 01–16728.

D.C. No. CV–94–01912–SRB.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2002 *.

Decided June 18, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, BERZON, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Victoria Lowe appeals pro se the district court's order granting defendant Arizona State University's motion to enforce a settlement agreement and intervenor attorney William Hobson's motion to enforce an attorney charging lien. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the enforcement of a settlement agreement, *Doi v. Halekulani Corp.* 276 F.3d 1131, 1136 (9th Cir.2002), and the enforcement of an equitable remedy, *cf. Diaz v. San Jose Unified School Dist.*, 861 F.2d 591, 595 (9th Cir.1988). We affirm.

Lowe opposed enforcement of the negotiated settlement agreement because she was uncertain the impact settlement would have on her social security benefits. The district court did not abuse its discretion by nevertheless enforcing the settlement agreement because Lowe did not dispute the material terms of the agreement. *See Doi*, 276 F.3d at 1137–38 (stating that a negotiated settlement agreement announced in court becomes binding even if a party has a change of heart after agreeing to the terms). Furthermore, the district did not abuse its discretion by enforcing a charging lien for Hobson's legal services. *See Matter of Southwest Restaurant Sys., Inc.*, 607 F.2d 1243, 1247 (9th Cir.1979).

Lowe's remaining contentions lack merit.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.